STATE of Minnesota, Appellant,

v.

**Jason Roy SKAPYAK, Respondent.**

**No. A05–765.**

Court of Appeals of Minnesota.

Aug. 23, 2005.

Review Denied Oct. 18, 2005.

Mike Hatch, Attorney General, St. Paul, MN and James C. Backstrom, Dakota County Attorney, Debra E. Schmidt, Assistant County Attorney, Hastings, MN, for appellant.

Joseph Patrick Tamburino, Allan H. Caplan & Associates, P.A., Minneapolis, MN, for respondent.

Considered and decided by DIETZEN, Presiding Judge; STONEBURNER, Judge; and HUDSON, Judge.

## OPINION

DIETZEN, Judge.

Appellant challenges the district court's pretrial order granting respondent's motion to use a mistake-of-age defense, arguing that the district court erred by holding that Minn.Stat. § 152.023, subd. 1(3) (2002), requires knowledge of the minor's age as an element of this controlled-substance offense. Because the statute does not require the state to prove that respondent had knowledge of the minor's age and because the state has demonstrated that the error would have a critical impact on the outcome of the trial, we reverse.

## FACTS

Appellant State of Minnesota charged respondent Jason Skapyak with one count of fifth-degree criminal sexual conduct, in violation of Minn.Stat. § 609.3451, subd. 1(2) (2002), and two counts of contributing to delinquency of a minor in violation of Minn.Stat. § 260B.425, subd. 1(a) (2002). In its amended complaint, the state charged respondent with two counts of third-degree controlled-substance crimes, in violation of Minn.Stat. § 152.023, subd. 1(3) (2002), and one count of indecent exposure, in violation of Minn.Stat. § 617.23, subd. 1(1) (2002).

The amended complaint states that on October 28, 2003, two mothers reported to the Lakeville Police Department that an "older male" masturbated and was filmed on the Internet via a web cam in front of their daughters, J.H. and T.C. Police identified respondent as the male on the web cam. J.H. told police that she started communicating with respondent on the Internet sometime in the spring of 2003. J.H. and T.C. both stated to police that respondent masturbated three or four times in front of them through the web cam and that they went to respondent's house three or four times in September or

October 2003, where respondent provided them with marijuana.

Respondent admitted masturbating through the web cam and providing T.C. and J.H. with marijuana. But respondent argues that he thought the girls were adults. J.H. became 15 years of age in June 2003 and T.C. became 16 years of age in September 2003. Respondent was 34 years old during his interaction with J.H. and T.C. The complaint indicates that respondent told the girls he was 27 and that the girls told respondent they were 18 and 19. But the complaint also indicated that on October 13, 2003, respondent asked one of the girls, "You don't have school Thurs. or Fri. right?" The girl responded, "Right."

Respondent moved the district court to allow him to raise a mistake-of-age defense at trial as to the fifth-degree criminal-sexual-conduct charge and the third-degree controlled-substance charges. The district court granted respondent's motions. The state now challenges the district court's pretrial order permitting respondent to use a mistake-of-age defense with respect to the controlled-substance charges.

### ISSUES

I. Does Minn.Stat. § 152.023, subd. 1(3) (2002), require the state to prove the defendant's knowledge of the minor's age, thus enabling a criminal defendant to raise a mistake-of-age defense?

II. Did the state demonstrate that the district court's ruling would have a critical impact on the outcome of the trial?

### ANALYSIS

### I.

■ The state argues that the district court erred by interpreting Minn.Stat. § 152.023, subd. 1(3) (2002), as requiring respondent's knowledge of a minor's age as an element of the offense and, therefore, permitting respondent to present a mistake-of-age defense.

■ Whether a statute has been properly construed is a question of law to be reviewed de novo. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). An analysis of a statute must begin with a careful and close examination of the statutory language to ascertain and effectuate legislative intent. *State v. Loge*, 608 N.W.2d 152, 155 (Minn.2000).

The statute at issue reads, "A person is guilty of controlled substance crime in the third degree if . . . the person unlawfully sells one or more mixtures containing a controlled substance classified in schedule I, II, or III, except a schedule I or II narcotic drug, to a person under the age of 18." Minn.Stat. § 152.023, subd. 1(3). Marijuana is a schedule I controlled substance. Minn.Stat. § 152.02, subd. 2(3) (2002).

The state argues that the legislature intended that the third-degree controlled-substance crime involving the sale of marijuana to minors under the age of 18 to be a strict-liability offense with regard to the issue of age. In support of its argument the state cites the definition of "criminal intent," Minn.Stat. § 609.02, subd. 9(6) (2002), which states "[c]riminal intent does not require proof of knowledge of the age of a minor even though age is a material element in the crime in question." The state argues that the definitions in chapter 609, the criminal code, apply to offenses contained in chapter 152, the controlled-substances chapter, because Minn.Stat. § 609.015, subd. 2 (2002) provides, "[u]nless expressly stated otherwise, or the context otherwise requires, the provisions of this chapter also apply to crimes created by statute other than in this chapter."

Respondent argues that Minn.Stat. § 152.023, subd. 1(3), cannot be construed as a strict-liability offense on the issue of age due to the lack of the express intent of the legislature to create strict liability. Respondent argues that he should be allowed to raise a mistake-of-age defense because his alleged action of selling or giving marijuana to the girls would not constitute criminal activity unless they are minors. Respondent cites Minn.Stat. § 152.027, subd. 4(a) (2002), which defines the "sale" of a small amount of marijuana: "A person who unlawfully sells a small amount of marijuana ... is guilty of a petty misdemeanor...." A small amount of marijuana is any amount less than 42.5 grams. Minn.Stat. § 152.01, subd. 16 (2002). According to respondent, because there was less than 42.5 grams of marijuana involved, the sale is not a crime, but rather only a petty misdemeanor. *See* Minn.Stat. § 609.02, subds. 1, 4(a) (2004) (defining crime and petty misdemeanor).

We conclude that the definition of criminal intent in chapter 609 is applicable and demonstrates that the legislature intended that strict liability apply to the issue of age in Minn.Stat. § 152.023, subd. 1(3). The issue here is analogous to that in *State v. Benniefield*, 678 N.W.2d 42, 49 (Minn. 2004), in which the Minnesota Supreme Court held that the crime of third-degree possession of a controlled substance in a school zone does not require the state to prove that the defendant knew he was in a school zone or intended to commit the crime in a school zone. In *Benniefield*, the supreme court held that because a mens rea requirement implicitly exists for the possession of a controlled substance, there is no basis for requiring the state to demonstrate an additional mens rea element with respect to location. *Id.* at 48. Here, because a mens rea requirement already exists for the possession of a controlled substance, we see no reason to require an additional mens rea element with respect to age.

We reject respondent's argument that his conduct is not criminal because the sale of a small amount of marijuana to another person is a "petty misdemeanor," and not a "crime" as defined in the criminal code. While respondent may have sold or given away only a small amount of marijuana, marijuana is nonetheless a controlled substance. Minn.Stat. § 152.02, subd. 2(3). The *Benniefield* court explained that possession of "inherently anti-social" objects, such as "*illegal drugs* and hand grenades," is criminal regardless of location and puts the possessor on notice of the illegality of his actions. *Id.* at 48 (quotation omitted). Selling or giving away a small amount of marijuana is unlawful and not innocent.

Our conclusion is consistent with federal and state decisions that have consistently held that, although the government must prove an intent to sell illegal drugs, it need not prove that the defendant intended to sell to a minor or knew the minor's age. *See, e.g., United States v. Carter*, 854 F.2d 1102, 1108–09 (8th Cir.1988); *People v. Williams*, 233 Cal.App.3d 407, 407, 284 Cal.Rptr. 454 (1991); *People v. Lopez*, 271 Cal.App.2d 754, 760–61, 77 Cal.Rptr. 59 (1969); *State v. Taylor*, 153 Conn. 72, 83, 214 A.2d 362 (1965).

## II.

Alternatively, respondent argues that even if the district court's decision was erroneous, the state cannot show that his raising a mistake-of-age defense will have a critical impact on the state's case. Generally, to prevail in an appeal of a pretrial order, the state must show that the order was clearly and unequivocally in error and that, unless reversed, that error will have a critical impact on the outcome

of the trial. *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977).

The state argues that the critical-impact analysis applies only to pretrial suppression orders, and thus is not applicable to the district court's order here. Alternatively, the state argues that allowing respondent to present a mistake-of-age defense would have a critical impact because, by the time of trial, the girls will be significantly older than at the time of the offense, making it hard to disprove respondent's defense. The state claims that it would prepare for and present its case at trial very differently depending upon whether or not the affirmative defense is allowed.

■ We conclude that the critical-impact analysis is applicable to the district court's pretrial order allowing respondent to present a mistake-of-age defense. *See State v. Barsness*, 446 N.W.2d 666 (Minn. App.1989), *rev'd mem.*, 473 N.W.2d 828 (Minn.1990). In *Barsness*, the district court issued an order allowing the defendant to present evidence of her I.Q. level in her defense of second- and third-degree murder and second-degree manslaughter charges. *Id.* at 666–67. Like the pretrial order permitting the defendant to present evidence in *Barsness*, the district court's pretrial order, here, permitted respondent to present certain evidence. The evidentiary ruling has a direct and measurable impact on the trial. Therefore, we apply the critical impact test.

Allowing respondent to present the inapplicable defense would have a critical impact on the outcome of the trial. Here, the district court's erroneous pretrial order would require the state to prove that respondent had knowledge of the minor's age to secure a conviction under Minn. Stat. § 152.023, subd. 1(3). Requiring the state to prove an additional mens rea requirement would alter the state's presentation of its case. Accordingly, the critical impact standard is met.

## DECISION

Because Minn.Stat. § 152.023, subd. 1(3) (2002) does not require knowledge of a minor's age, the district court erred by holding that respondent may raise a mistake-of-age defense.

**Reversed.**