Opinion
 

 EPSTEIN, J.
 

 Appelant Cottrell Antoine Williams appeals from the judgment convicting him of sale of a controlled substance to a minor (Health & Saf. Code, § 11353),
 
 [1]
 
 furnishing a controlled substance (§ 11352), and possession of cocaine base for sale (§ 11351.5). Appellant contends that the trial court committed reversible error in (1) failing to give a special instruction regarding intent to sell to a minor; (2) allowing the conviction to stand in the face of what he claims is an insufficiency of evidence to establish furnishing a controlled substance; and (3) giving a modified consciousness of guilt
 
 *211
 
 instruction to the jury. He has filed a timely notice of appeal. Finding no error, we affirm.
 

 In the published part of this opinion, we conclude that a defendant’s mistake about the age of a person to whom he makes a sale of drugs is not a defense to the charge of fiirnishing a controlled substance to a minor. The other issues are discussed in the unpublished portion of this opinion.
 

 Factual Summary
 

 In the following summary, we resolve all factual disputes in the evidence in favor of the judgment. (See
 
 People
 
 v.
 
 Johnson
 
 (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R4th 1255];
 
 Jackson
 
 v.
 
 Virginia
 
 (1979) 443 U.S. 307 [61 L.Ed.2d 560, 99 S.Ct. 2781].)
 

 On September 6, 1989, Officer Gary Steiner was conducting surveillance of the 1900 block of the Promenade in Santa Monica. He had an unobstructed view of the area, which was illuminated by three floodlights. Using binoculars at a twenty-five-yard distance, Officer Steiner watched appellant give Ranay Nath three or four chunks of what Officer Steiner believed to be rock cocaine in exchange for money. Nath then walked a few yards away and smoked the “chunks” in a pipe. Nath later testified that the chunks he purchased from appellant were rock cocaine.
 

 Within five minutes of Nath’s departure, Leroy Anderson approached appellant. Officer Steiner saw appellant give Anderson a chunk of what Officer Steiner believed to be rock cocaine, which Anderson then smoked in a pipe. From his observations that evening, Officer Steiner formed an opinion that appellant possessed cocaine for sale.
 

 In response to Officer Steiner’s radio dispatch, backup officers arrived, and appellant and Anderson were arrested. A brown piece of paper containing eight pieces of what was later identified as rock cocaine was seized from appellant. A glass rock cocaine smoking pipe was seized from Anderson.
 

 Appellant gave the arresting officers a false name, Fitzgerald Johnson, and a false date of birth. When prescriptions were found on appellant in the name of Cottrell Williams, appellant claimed that they belonged to a friend.
 

 The substance seized from appellant was chemically analyzed and tested positive for cocaine base. Urine samples from Nath and Anderson, taken on the day of their arrests, tested positive for cocaine.
 

 
 *212
 

 Defense Evidence
 

 Anderson testified that although he purchased cocaine on the day of his arrest, he had not received it from appellant.
 

 Appellant testified that on the day of his arrest he had not smoked, sold, or possessed cocaine. He also testified that he had believed Nath to be about 19-20 years old. He further claimed that he had lied to the arresting officers about his name and date of birth because he believed that he was being arrested for a robbery that he had not committed, and he did not want to go to jail.
 

 Discussion
 

 I
 

 Appellant contends that the court erred in refusing his requested affirmative defense instruction on the charge of sale of cocaine to a minor.
 
 [2]
 
 (§ 11353.) The proposed instruction would have told the jury that if appellant had a reasonable and good faith belief at the time of the sale to Nath that Nath was 18 years of age or older, appellant could not be convicted of the crime of selling cocaine to a minor.
 

 Appellant cites
 
 People
 
 v.
 
 Hernandez
 
 (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092], in support of his argument. In
 
 Hernandez,
 
 our Supreme Court held that a defendant may defend against a charge of statutory rape
 
 [3]
 
 by raising a reasonable doubt as to whether he had a good faith, reasonable belief that the prosecutrix was at least 18 years of age. Appellant also relies upon two more recent cases,
 
 People
 
 v.
 
 Goldstein
 
 (1982) 130 Cal.App.3d 1024 [182 Cal.Rptr. 207], and
 
 People
 
 v.
 
 Olsen
 
 (1984) 36 Cal.3d 638 [205 Cal.Rptr. 492, 685 P.2d 52], to support his claim that a
 
 Hernandez
 
 defense should be allowed against the charge of sale of cocaine to a minor. We disagree.
 

 People
 
 v.
 
 Lopez
 
 (1969) 271 Cal.App.2d 754 [77 Cal.Rptr. 59], is the controlling case on this issue. In
 
 Lopez,
 
 we held that a
 
 Hernandez
 
 defense is
 
 *213
 
 not available to a charge of furnishing marijuana to a minor. The
 
 Lopez
 
 decision pointed out that there is “nothing in the acts of the Legislature to indicate that Health and Safety Code section 11352 applies only when the offender knows he is dealing with a minor.”
 
 (Id.
 
 at p. 760.) Instead, the sale-to-minor provisions “simply provide . . . greater punishment when the offeree is a minor. As a general proposition, it has been said that a mistake of fact relating only to the gravity of an offense will not shield a deliberate offender from the full consequences of the wrong actually committed.”
 
 (Id.
 
 at pp. 760-761.)
 

 The specific intent for the crime of selling cocaine to a minor is the intent to sell cocaine, not the intent to sell it to a minor. (271 Cal.App.2d at p. 761; see also
 
 People
 
 v.
 
 Brown
 
 (1960) 55 Cal.2d 64, 68 [9 Cal.Rptr. 816, 357 P.2d 1072].) It follows that ignorance as to the age of the offeree neither disproves criminal intent nor negates an evil design on the part of the offerer. It therefore does not give rise to a “mistake of fact” defense to the intent element of the crime. (See Pen. Code, § 26, subd. three;
 
 People
 
 v.
 
 Lopez, supra,
 
 271 Cal.App.2d 754, 761.)
 

 For these reasons, appellant’s case, like
 
 Lopez,
 
 is distinguishable from
 
 People
 
 v.
 
 Hernandez
 
 and other cases that allow a Hernandez-type defense. The
 
 Hernandez
 
 court recognized the use of a mistake of age defense against the crime of statutory rape because “ ‘ “an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an
 
 innocent
 
 act, has always been held to be a good defense.” ’ ”
 
 (People
 
 v.
 
 Hernandez, supra,
 
 61 Cal.2d 529, 535, italics added.) The same principle has been applied to such crimes as molesting a minor (Pen. Code, § 647.6, formerly 647a), contributing to the delinquency of a minor (Pen. Code, § 272; see
 
 People
 
 v.
 
 Atchinson
 
 (1978) 22 Cal.3d 181 [148 Cal.Rptr. 881, 583 P.2d 735]), and participation in an act of oral copulation with another person who is under 18 years of age (Pen. Code, § 288a, subd. (b)(1); see
 
 People
 
 v.
 
 Peterson
 
 (1981) 126 Cal.App.3d 396 [178 Cal.Rptr. 734]). In each case, “had the defendant’s mistaken view of the facts been correct, it would have precluded a finding of criminal intent or evil design and the defendant’s conduct by itself would have been entirely innocent.”
 
 (People
 
 v.
 
 Parker
 
 (1985) 175 Cal.App.3d 818, 822 [223 Cal.Rptr. 284].) This cannot be said about the appellant’s conduct in the case before the court. Selling cocaine to a minor falls within a category of crimes in which criminal intent exists “regardless of a defendant’s mistaken belief or lack of knowledge. . . .”
 
 (Ibid.
 
 [mistake of fact defense unavailable against a charge of first and second degree burglary, even though appellant claimed he did not know building entered was inhabited dwelling house].)
 

 
 *214
 
 Appellant argues that
 
 People
 
 v.
 
 Goldstein, supra,
 
 130 Cal.App.3d 1024, reached a different result. In
 
 Goldstein,
 
 the court allowed a
 
 Hernandez
 
 defense against a charged violation of section 11353. Even though the defendant in that case violated the same statute as did appellant in this case, the specific charges were significantly different. In
 
 Goldstein,
 
 the charge was soliciting, inducing, encouraging, and intimidating a minor to knowingly use a narcotic. (§ 11353, subd. (a).) The court recognized a mistake of age defense because “[i]t is
 
 not
 
 a criminal offense to so ‘solicit, induce, encourage, and intimidate’ adult persons.” (130 Cal.App.3d at p. 1036, italics in original.) As we have seen, it
 
 is
 
 criminal to sell narcotics to persons of any age.
 

 Finally, appellant relies on
 
 People
 
 v.
 
 Olsen, supra,
 
 36 Cal.3d 638, which holds that a strong public interest in protecting children under 14 precluded a
 
 Hernandez
 
 defense against the charge of lewd or lascivious conduct with a child under the age of 14 (Pen. Code, § 288, subd. (a)). Appellant argues that since the charge in his case has nothing to do with children under 14, the defense should be available. We do not agree with this reading of the decision in
 
 Olsen.
 

 The
 
 Olsen
 
 court concluded that a
 
 Hernandez
 
 defense is not available when its application would violate a strong public policy.
 
 (People
 
 v.
 
 Olsen, supra,
 
 36 Cal.3d 638, 644.) The court recognized that the public interest in preventing the sale of narcotics to minors is analogous to the public interest that precludes lewd and lascivious acts on a minor. The mistake of age defense is not available in either case.
 
 (Ibid.)
 
 The public interest involved in sale of drugs cases was articulated in
 
 Lopez'.
 
 “The public takes an extremely grave view of adults who furnish narcotics to minors, and this attitude is reflected in the Legislature’s determination that those who deal with minors shall be punished by longer terms than those who deal with adults. It seems most probable that the Legislature intended that the narcotics dealer be punished for the harm he actually inflicts, even though he intended a less serious offense.”
 
 (People
 
 v.
 
 Lopez, supra,
 
 271 Cal.App.2d 754, 760-762.) To paraphrase the language of
 
 Olsen,
 
 a narcotics dealer who sells cocaine to a minor, even with a good faith and reasonable belief that the offeree is over 18, “does so at his or her peril.”
 
 (People
 
 v.
 
 Olsen, supra,
 
 36 Cal.3d 638, 649.) The trial court properly denied defendant’s request for a special instruction regarding mistake of age.
 

 II, III
 
 *
 

 
 *215
 
 Disposition
 

 The judgment of conviction is affirmed.
 

 Woods (A. M.), P. J., and Goertzen, J., concurred.
 

 [1]
 

 All further code citations are to the Health and Safety Code, except where otherwise indicated.)
 

 [2]
 

 The proposed instruction, a modified version of CALJIC No. 10.67, read as follows: “In the crime of sale of cocaine to a minor, general criminal intent must exist at the time of the commission of the act of sale. There is no general criminal intent if the defendant had a reasonable and good faith belief that the male person was 18 years of age or older at the time such person engaged in the act of sale, [f] Therefore, a reasonable and good faith belief of such age is a defense to unlawful sale of cocaine to a minor. If after consideration of all of the evidence, you have reasonable doubt that the defendant had general criminal intent at the time of the act of sale to a minor you must find him not guilty of such crime.”
 

 [3]
 

 Former Penal Code section 261, subdivision (1). See now Penal Code section 261.5 (unlawful sexual intercourse).
 

 *
 

 See footnote,
 
 ante,
 
 page 407.