[No. C060225. Third Dist. May 6, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
DEMETRIUS LABARRIAN BRANCH, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I., II., IV., V., and VI. of the Discussion.

**Counsel**

Kat Kozik, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CANTIL-SAKAUYE, J.**—A jury convicted defendant of attempted pimping of a minor under the age of 16 (Pen. Code, §§ 664, 266h, subd. (b)(2))[1] (count one); pandering of a minor under the age of 16 (§ 266i, subd. (b)(2)) (count two); pimping (§ 266h, subd. (a)) (count three); and pandering (§ 266i, subd. (a)(1)) (count four). The jury acquitted defendant of assault with a deadly weapon (§ 245, subd. (a)(1)) (count five) and corporal injury on a cohabitant (§ 273.5, subd. (a)) (count six), and failed to reach a verdict on a lesser offense to the assault charge and convicted him of simple battery (§ 243, subd. (e)) as a lesser offense to the domestic violence charge. The trial court found true the allegation that defendant had served a prison term (§ 667.5, subd. (b)). Defendant was sentenced to an aggregate prison term of 10 years eight months.

On appeal, defendant contends (1) the jurors were not properly sworn; (2) it was prejudicial error to admit evidence of a prior rape by defendant; (3) the trial court erred in failing to instruct that defendant's good faith belief the minor was 18 was a defense to attempted pimping and pandering of a minor under the age of 16; (4) consecutive sentences for pimping and pandering the same victim violates section 654; (5) it was error to impose two restitution fines under section 1202.4; and (6) the abstract of judgment must be corrected to show the proper crime in count one. The Attorney General concedes the fourth and sixth errors. We accept those concessions and otherwise affirm.[2]

### FACTS

Defendant lived with his girlfriend, Krista Armstrong, who worked as a prostitute. It was defendant's idea for her to work as a prostitute. Armstrong's earnings paid all the bills and defendant did not work. She gave defendant all the money she made and he sometimes drove her to work. During their relationship defendant used force and violence against Armstrong. Sometimes she did not want to work, but defendant would beat her if she did not work as a prostitute.

J.V., who was 15 years old, met defendant when he picked her up and gave her a ride. They exchanged phone numbers and she called him a week

---

[1] Hereafter, undesignated statutory references are to the Penal Code.

[2] Pursuant to miscellaneous order No. 2010-002, we have considered whether defendant is entitled to additional presentence custody credit under recent amendments to section 4019. Due to his conviction under section 266i, subdivision (b), defendant is required to register as a sex offender. (§ 290, subd. (c).) Accordingly, he is not entitled to additional credit. (§ 4019, subd. (b)(2); Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)

later. J.V. spoke with defendant about working as a prostitute. J.V. had worked selling drugs, but wanted to work as a prostitute for the easy money.

When defendant brought J.V. home, Armstrong thought she was young. She asked J.V. how old she was and J.V. said 18, but she gave the wrong year as her birthdate. Armstrong told defendant J.V. was only 15. During a fight, a friend of J.V. told defendant J.V. was 15. J.V. also told defendant her true age before she was arrested.

Armstrong caught defendant and J.V. having sex and was very angry. Armstrong and defendant fought and defendant beat Armstrong. Armstrong claimed defendant hit her with a samurai sword.

Defendant drove Armstrong and J.V. to the "stroll" to work as prostitutes three times. The first two times J.V. had no business. The third time, on February 6, 2008, J.V. was picked up by an undercover vice detective. J.V. asked what he wanted and the detective replied half-and-half, meaning oral sex and intercourse. J.V. quoted him a price of $150. The detective said he had only $80 and J.V. said that would get him only sex (intercourse). J.V. directed him to a park. There the detective asked for oral sex and J.V. said yes if he wore a condom. After the detective gave J.V. $80, he gave the signal and J.V. was arrested.

Armstrong did not return to defendant's that night after making $300–$400 as a prostitute. The next day she called the police and reported defendant beating her. J.V. told the FBI she saw defendant hit Armstrong.

At trial, J.V. claimed it was Armstrong who instructed her on how to be a prostitute.[3] She told the FBI, however, that defendant provided the instruction. He told her what to charge and to never give his name to the police. The night she was arrested, defendant wanted her to make $300 to $400. At trial, J.V. confirmed her statements to the FBI were true.

The police arranged for J.V. to make a pretext call to defendant, instructing her to call defendant by name. In the call, J.V. told defendant she was locked up; the trick was the police. J.V. told defendant, "I ain't doing this no more." Defendant responded he did not want her to. She told him she was picked up by the police right after he dropped her off.

---

[3] At trial, both J.V. and Armstrong testified under grants of immunity.

A phone call from defendant in jail to his mother was played for the jury. Defendant told his mother he did not hit Armstrong that night. "I probably kicked her ass probably a—a couple weeks before that but that week, that night, no." Defendant cautioned his mother, "if they ask you anything about [J.V.], you don't know nothing . . . . [¶] . . . [¶] . . . [S]o from here on out, no, you don't know nothing about no [J.V.] and I don't know nothing about no mother-fucking [J.V.]." At the end of the call, defendant said, "I don't give a fuck how much time they give me, when I get up out of here, something happening to that bitch. Watch. As soon as I get up out of here."

Pursuant to Evidence Code section 1109, the trial court admitted evidence of defendant's prior acts of violence against L.C. who had lived with defendant on and off for four years and had a child with him. In December 2001, defendant came over and wanted sex. L.C. told the police he dragged her to the bedroom and had intercourse with her without her consent. She was involved in a custody battle with defendant and recanted the rape story at the preliminary hearing. In response to the trial court's question whether the recanting was the truth or a lie, L.C. said, "It was a lie. Some of it was true."

L.C. also testified about an incident in July 2002, where she and defendant got into an argument in a car and hit each other. Defendant hit her in the face; he kicked her out of the car and drove away.

## DISCUSSION

### I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III.

#### A Good Faith Belief the Minor Is 18 Is Not a Defense to Pimping or Pandering a Minor

Defendant contends the trial court erred in refusing the defense request to instruct the jury that defendant's good faith, reasonable belief J.V. was 18 was a defense to the charges of attempted pimping and pandering of a minor under the age of 16. Instead, the court instructed the jury that to convict, it must find J.V. was under the age of 16 at the time of the crimes alleged in counts one and two.

---

*See footnote, *ante*, page 516.

■ In *People v. Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673] (*Hernandez*), the California Supreme Court held a charge of unlawful sexual intercourse could be defended on the basis the defendant lacked criminal intent because in good faith he had a reasonable belief the prosecutrix was 18 years or more of age. The court relied on the common law rule that an honest and reasonable belief in the existence of circumstances which, if true, would make the act innocent, was a good defense. (*Id.* at p. 535.) The Legislature had adopted this rule in section 20, requiring criminal intent for a crime, and section 26, which provides that one who commits an act under a mistake of fact that disproves criminal intent has not committed a crime. (*Hernandez, supra,* at pp. 532, 535.) The court indicated, however, this defense would not be available where the victim was a child of tender years. (*Id.* at p. 536.)

In a very short opinion, without any discussion of the facts, the court followed *Hernandez* in *People v. Atchison* (1978) 22 Cal.3d 181 [148 Cal.Rptr. 881, 583 P.2d 735] (*Atchison*), finding the trial court erred in instructing the jury it was immaterial whether defendant knew the age of the minor for purposes of the crime of contributing to the delinquency of a minor. (*Id.* at p. 183.) The court also reversed the charge of annoying or molesting a child under the age of 16 (former § 647a; see now § 647.6), finding the improper instruction may have misled the jury. (*Atchison, supra,* at p. 183.)

In *People v. Olsen* (1984) 36 Cal.3d 638 [205 Cal.Rptr. 492, 685 P.2d 52] (*Olsen*), the high court held a good faith, reasonable mistake as to age was not a defense to a charge of lewd or lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)). The court found allowing the defense would contradict the "strong public policy to protect children of tender years." (*Olsen, supra,* at p. 646.) Recognizing the defense would also nullify the effect of section 1203.066, which permitted probation for defendants who honestly and reasonably believed the minor was 14 years of age or older. (*Olsen, supra,* at p. 647.)

Defendant contends the reasoning of *Hernandez* and *Atchison* should control because J.V. was 15 and not a child of tender years, as in *Olsen*. We disagree. In *Hernandez*, the court relied on the fact that the defendant would have had no criminal intent if the minor was older. (*Hernandez, supra,* 61 Cal.2d 529, 535–536.) Without discussion, *Atchison* simply relied on *Hernandez.*[5] (*Atchison, supra,* 22 Cal.3d at p. 183.) The present case is

---

[5] We recognize that in *Atchison,* the charge of contributing to the delinquency of a minor was based on the conduct of furnishing marijuana to the child. In a concurring and dissenting opinion, Justice Clark notes this conduct would be criminal regardless of the defendant's belief

distinguishable because defendant's conduct would be criminal regardless of J.V.'s age.

■ In that regard, this case is similar to *People v. Williams* (1991) 233 Cal.App.3d 407 [284 Cal.Rptr. 454] (*Williams*), which we find controlling. In *Williams*, the defendant was charged with selling controlled substances to a minor. The trial court refused to instruct that a reasonable, good faith belief the minor was over 18 was a defense to the charge. The appellate court affirmed. "The specific intent for the crime of selling cocaine to a minor is the intent to sell cocaine, not the intent to sell it to a minor. [Citations.] It follows that ignorance as to the age of the offeree neither disproves criminal intent nor negates an evil design on the part of the offerer. It therefore does not give rise to a 'mistake of fact' defense to the intent element of the crime. [Citations.]" (*Id.* at p. 411.) Here the criminal intent for the crimes of attempted pimping and pandering of a minor is the attempt to pimp and pander; the age of the victim only affects the severity of the sentence, not the criminality of the conduct. Regardless of his belief as to J.V.'s age, defendant acted with criminal intent.

■ The *Williams* court also rejected the argument, similar to defendant's here, that under *Olsen, supra,* 36 Cal.3d 638, the *Hernandez* mistake of age defense is unavailable only where the child is under 14. Instead, the *Williams* court read *Olsen,* as we do, to conclude "that a *Hernandez* defense is not available when its application would violate a strong public policy." (*Williams, supra,* 233 Cal.App.3d at p. 412.)

■ The trial court did not err in refusing defendant's proposed instruction on defendant's mistake as to J.V.'s age.

### IV.–VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified to stay the sentences on counts one, attempted pimping of a minor, and four, pandering. As so modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect that the crime in count one is attempted pimping of a minor under the

concerning age. (*Atchison, supra,* 22 Cal.3d at p. 185 (conc. & dis. opn. of Clark, J.).) We note only that the majority opinion does not discuss the conduct at issue and speaks only of the crime charged.

*See footnote, *ante,* page 516.

age of 16, not attempted pandering of a minor under the age of 16, and the terms imposed for count one and four are stayed pursuant to section 654. The trial court is further directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Hull, J., concurred.