Filed 1/9/26  P. v. Brown CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>JIMMY RAY BROWN,<br><br>      Defendant and Appellant. | F088589<br><br>(Super. Ct. No. BF197977A)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Jimmy Ray Brown was convicted of human trafficking a minor, pandering a minor, and pimping a minor.  On appeal, he contends the trial court

committed instructional error by (1) instructing the jury that mistake of the target's age was not a defense to the pandering and pimping counts, and (2) instructing the jury that it did not matter, for purposes of pandering, whether the target was already a prostitute. He further contends the court made an erroneous finding during sentencing and requests we modify the judgment. We affirm.

## PROCEDURAL SUMMARY

On July 8, 2024, the District Attorney of Kern County filed an amended information charging defendant with human trafficking of a minor for a sex act (Pen. Code, § 236.1, subd. (c)(1);[1] count 1); pandering by fraud or duress a minor under 16 years of age (§ 266i, subd. (b)(2); count 2); pimping a minor under 16 years of age (§ 266h, subd. (b)(2); count 3); and procuring a child to engage in a lewd act (§ 266j; count 4). As to all counts, the amended information alleged multiple aggravating circumstances (Cal. Rules of Court, rule 4.421(a)–(b)). It was also alleged as to all counts that defendant had a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On July 30, 2024, the jury found defendant guilty on counts 1 through 3. The jury found defendant not guilty of count 4. In a bifurcated proceeding, the trial court found true the prior strike conviction allegation and several aggravating circumstances.

On August 27, 2024, the trial court sentenced defendant on count 1 to the middle term of eight years, doubled to 16 years pursuant to the Three Strikes law. The sentence on the remaining counts was imposed but stayed pursuant to section 654.

Defendant filed a notice of appeal on September 3, 2024.

---

**1** All further statutory references are to the Penal Code.

2.

**FACTUAL SUMMARY**

## The People's Case

### Defendant's Arrest

On January 27, 2024, Bakersfield Police Officer Christian Hernandez was driving on Union Avenue in Bakersfield around 8:23 p.m. Hernandez testified this area, known as the "Blade" (hereafter Blade), was an area where sex workers congregate for prostitution in nearby motels. Hernandez saw a car leave one motel before immediately going to another motel. Finding it suspicious, Hernandez followed the car once it left that motel. He observed the license plate was not properly illuminated in violation of the Vehicle Code and pulled the car over.

Hernandez approached the car, which was driven by defendant. Hernandez asked defendant to roll down the back window. Hernandez saw a female in the backseat of the car wearing a neon green bra and a thong. Based on his training and prior investigations of activity on the Blade, Hernandez believed the female, A.G., was a sex worker and defendant was possibly her pimp. Hernandez observed on defendant's phone a missed call and text message from the same number. The message stated: "It ain't trickin. If you got it, where my money at?" The message was followed by several "emoji" images depicting a hand and money. Based off his experience, Hernandez noted these emojis were common symbols used in human trafficking operations. Hernandez understood the message to mean defendant was being asked to give the person money. Defendant was arrested with $1,000 in currency in his wallet and $843 in currency in his pocket.

### A.G.

A.G. testified at defendant's trial pursuant to an immunity agreement. A.G. was 15 years old on the day of the incident and at trial. A.G. became a sex worker in Sacramento in December 2022. Between then and the night of defendant's arrest, A.G. had worked in cities across the state.

3.

Around September or October of 2023, A.G. met defendant while she was working on the Blade. During their conversation, defendant hinted at A.G. working for him. The two exchanged phone numbers. A.G. texted defendant afterwards, saying she wanted to start "being with him" and giving him her money. She wanted protection during the dates as well as transportation to and from the Blade. Defendant accepted her offer to work for him.

A.G. worked for defendant two separate times. On January 27, 2024, which was her second time working for him, A.G. made about $700 in currency and $100 through electronic payment. A.G. stopped working for defendant after that night because he left and was not around anymore.

*Defense Case*

Defendant called A.G. to testify. A.G. testified she lied to people about her age while engaging in prostitution. A.G. lied to defendant about her age, as she had told him she was 19 years old. Online commercial sex advertisements, which contained pictures and details of A.G., represented she was 19 or 23 years old.

## DISCUSSION

I.     INSTRUCTIONAL ERROR

*A. Additional Background*

The proposed jury instructions were discussed at a hearing outside the presence of the jury. The trial court stated it would instruct the jury with CALCRIM No. 1244 (Causing Minor to Engage in Commercial Sex Act) for count 1. As relevant here, the instruction states: "Being mistaken about the other person's age is not a defense to this crime." (See CALCRIM No. 1244.) The court noted it would instruct the jury with CALCRIM No. 1151 (Pandering) for count 2 and CALCRIM No. 1150 (Pimping) for count 3. In each of these two counts, the court intended to give the following pinpoint instruction: "Being mistaken about the other person's age is not a defense to this crime."

4.

Defense counsel objected to the pinpoint instruction.[2] Defense counsel argued the instruction was not included in the standard instruction and was not necessary. The trial court disagreed: "It is, arguably, a defense to [c]ount 4 so it was important that it be referenced in [c]ount 1, which it already is, and in the jury instruction in [c]ounts 2 and 3, which is in the use notes but not in the specific instruction." The court read the pinpoint instruction to the jury for both counts 2 and 3.

*B. Applicable Law and Analysis*

"Whether or not to give any particular instruction in any particular case entails the resolution of a mixed question of law and fact that, we believe, is however predominantly legal. As such, it should be examined without deference." (*People v. Waidla* (2000) 22 Cal.4th 690, 733; *People v. Shaw* (2002) 97 Cal.App.4th 833, 838 ["[A]ssertions of instructional error are reviewed de novo."].)

*i. Pandering and Pimping — Mistake of Age is Not a Defense*

Defendant contends the trial court erred by instructing the jury with the pinpoint instruction in counts 2 and 3. He argues being reasonably mistaken about the victim's age is a defense to those counts. The People disagree, as do we.

Section 26 states, in pertinent part, that "[a]ll persons are capable of committing crimes" except "[p]ersons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent." The mistake of fact defense thus is "an assertion by the defendant that a particular factual error in his perception of the world led him to lack the mens rea required for the crime." (*People v. Hendrix* (2022) 13 Cal.5th 933, 940; *People v. Hernandez* (1964) 61 Cal.2d

---

[2]    Defendant objected to the pinpoint instruction on the ground that the instruction was unnecessary, not that the instruction was an incorrect statement of law. Moreover, although the same language appears in both count 2 and count 3, it appears defense counsel only objected to the pinpoint instruction in count 3. The People do not contend the issue was forfeited in any respect. We address the merits of his argument on appeal as to both counts.

529, 535 (*Hernandez*) [" 'At common law an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an innocent act, has always been held to be a good defense.' "].)  Generally, "a mistake of fact defense is not available unless the mistake disproves an element of the offense." (*In re Jennings* (2004) 34 Cal.4th 254, 277.)

The act of pandering is proscribed by section 266i.  Section 266i has six subparts which define the different circumstances under which the crime may be committed. (*People v. Campbell* (2020) 51 Cal.App.5th 463, 485.)  As relevant here, section 266i, subdivision (a)(1) states that a person is guilty of pandering if he "[p]rocures another person for the purpose of prostitution."  In this context, the term "procures" means " 'assisting, inducing, persuading or encouraging' [another] to engage in prostitution." (*Campbell*, at p. 485.)  Subdivision (b) of that section is specific to the act of pandering with a minor.  It states, in pertinent part:  "Any person who does any of the acts described in subdivision (a) with another person who is a minor is guilty of pandering, a felony …." (§ 266i, subd. (b).)

The act of pimping is proscribed by section 266h, subdivision (a).  (See § 266h, subd. (a); *People v. Scally* (2015) 243 Cal.App.4th 285, 292.)  Subdivision (b) of that section states, in pertinent part:  "Any person who, knowing another person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of the person's prostitution, … or who solicits or receives compensation for soliciting for the person, when the prostitute is a minor, is guilty of pimping a minor, a felony …." (§ 266h, subd. (b).)

Defendant argues being reasonably mistaken about A.G.'s age is a defense to pandering a minor and pimping a minor.  Not so.  The act of pandering or pimping a person is unlawful regardless of that person's age.  (§ 266i, subd. (a) [criminalizing the act of pandering]; § 266h, subd. (a) [criminalizing the act of pimping].)  When that person is a minor, the statutes affix harsher punishments for the unlawful activity.

(§§ 266i, subd. (b), 266h, subd. (b).) Importantly, a conviction for pandering a minor or pimping a minor does not require the defendant's knowledge of the person's age. (See *People v. Branch* (2010) 184 Cal.App.4th 516, 522 (*Branch*) ["the criminal intent for the crimes of attempted pimping and pandering of a minor is the attempt to pimp and pander"].) The age of the person being pandered or pimped only affects the severity of the sentence, not the criminality of the conduct. As such, being reasonably mistaken about the person's age is not a defense to pandering a minor or pimping a minor. (See *In re Jennings*, *supra*, 34 Cal.4th at p. 277; *People v. Richards* (2017) 18 Cal.App.5th 549, 563 ["[W]hen a mistake concerns only the *severity* of an offense, and the defendant's conduct remains unlawful even under the defendant's mistaken view of the facts, courts have not recognized mistake as a defense."].)

Defendant observes sections 266i and 266h do not prohibit the mistake of fact defense regarding the age of the victim. Defendant further observes such a prohibition has been made explicit in other sections of the Penal Code. For example, in section 236.1, the statute criminalizing human trafficking of a minor, the section states: "Mistake of fact as to the age of a victim of human trafficking who is a minor at the time of the commission of the offense is not a defense to a criminal prosecution under this section." (§ 236.1, subd. (f).) Thus, defendant argues, the Legislature could have added a similar provision to sections 266i and 266h if it intended to prohibit the mistake of fact defense as to the victim's age.

It is true that distinctions in related statutory provisions may suggest a meaningful difference. (See *Russello v. U.S.* (1983) 464 U.S. 16, 23 [" '[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' "].) However, we are not convinced the absence of language prohibiting the mistake of fact defense in sections 266i and 266h suggests the Legislature intended its availability for prosecutions under those sections. The mistake of

7.

fact defense disproves criminal intent. (§ 26; *People v. Lawson* (2013) 215 Cal.App.4th 108, 111 ["The mistake-of-fact defense operates to negate the requisite criminal intent or mens rea element of the crime"].) Sections 266h and 266i plainly do not require the defendant to know the victim was a minor. (§§ 266h, subd. (b), 266i, subd. (b).) If the Legislature intended for the mistake of fact defense to be available for these crimes, the Legislature could have added such a knowledge requirement.

Defendant also argues *Branch* was wrongly decided. He believes one must specifically intend to pander or pimp *a minor* to violate sections 266i or 266h. We disagree. As discussed above, no such intent is required for a conviction under either statute. Defendant fails to provide any authority supporting the conclusion that a defendant must know the age of the person to be convicted of pandering or pimping a minor. To the contrary, authority exists supporting the opposite conclusion. (See, e.g., *People v. Clark* (2019) 43 Cal.App.5th 270, 287 [knowledge of person's age not a listed element of pimping a minor]; *People v. Banks* (2023) 97 Cal.App.5th 376, 388 [knowledge of person's age not a listed element of pandering a minor].) Moreover, *Branch*'s holding has been accepted by subsequent cases. (See *People v. Calhoun* (2019) 38 Cal.App.5th 275, 318 [mistake of fact about the minor victim's age is not a defense to pandering a child or pimping a child]; *People v. Richards*, *supra*, 18 Cal.App.5th at p. 563.) Insofar as defendant suggests our Supreme Court declined to endorse *Branch* in *People v. Moses* (2020) 10 Cal.5th 893, we note the *Moses* court neither endorsed nor refuted *Branch* and instead distinguished *Branch* as inapplicable to the facts in *Moses*. (*Moses*, at p. 912 ["Assuming without deciding that *Branch*'s interpretation of section 266h is correct, the case is distinguishable because it did not involve an issue of factual impossibility"].)

Finally, defendant suggests *Hernandez* compels a different result. It does not. In *Hernandez*, our Supreme Court considered the mistake of fact defense to a conviction under section 261, which defined statutory rape as sex with a female under the age of 18.

(*Hernandez*, *supra*, 61 Cal.2d at pp. 529–530.)  The *Hernandez* court concluded a reasonable and good faith mistake as to the victim's age could eliminate the intent necessary for a conviction under section 261 because the defendant's belief, if true, would have made "the act for which the person is indicted an innocent act …."  (*Id.* at pp. 535–536.)

Here, by contrast, if defendant's mistaken belief was true and A.G. was 18 years of age or older, his conduct would still be criminally culpable.  (§ 266i, subd. (a); § 266h, subd. (a).)  Defendant's "honest and reasonable belief," if true, would *not* "make the act for which [he] is indicted an innocent act …."  (*Hernandez*, *supra*, 61 Cal.2d at p. 535.)  Thus, unlike in *Hernandez*, defendant's belief here would only affect the severity of the punishment.  (See *id.* at p. 534; see also *People v. Magpuso* (1994) 23 Cal.App.4th 112, 118 [rejecting *Hernandez*-type defense because the defendant "was committing a criminal act, with criminal intent, *regardless* of her belief as to [the victim]'s age"]; *People v. Williams* (1991) 233 Cal.App.3d 407, 411 [rejecting *Hernandez*-type defense because "[s]elling cocaine to a minor falls within a category of crimes in which criminal intent exists 'regardless of a defendant's mistaken belief or lack of knowledge ....' "].)

In sum, the trial court did not err by providing the pinpoint instruction on counts 2 and 3.  We decline to consider whether any assumed error was prejudicial.

### ii. Pandering – Already A Prostitute

Defendant contends the trial court committed instructional error on count 2 in another respect.   He argues CALCRIM No. 1151, which states that it does not matter whether the person was already a prostitute, incorrectly stated the law.  The People first

9.

contend defendant forfeited this claim.  On the merits, the People contend the instruction correctly stated the law.  Addressing the claim on the merits, we agree with the People.**³**

Section 266i, subdivision (a)(2), provides, in relevant part, that a person who "[b]y promises, threats, violence, or by any device or scheme, causes, induces, persuades, or encourages another person to become a prostitute" is guilty of pandering.  Our Supreme Court held "the proscribed activity of encouraging someone 'to become a prostitute,' as set forth in section 266i, subdivision (a)(2), includes encouragement of someone who is already an active prostitute, or undercover police officer."  (*People v. Zambia* (2011) 51 Cal.4th 965, 981.)  The court reasoned, "[t]he phrase 'encourages another person to become a prostitute' can readily be understood to encompass the goal that the target 'become a prostitute' in the future for the benefit of the encourager or some other pimp. (§ 266i, subd. (a)(2).)  This interpretation of the pandering statute is consistent with long-standing case law and the Legislature's intent to combat pandering and prostitution."  (*Id.* at p. 975; accord *People v. Hashimoto* (1976) 54 Cal.App.3d 862, 866 ["The purpose of the anti-pandering statute [§ 266i] is to 'cover all the various ramifications of the social evil of pandering and include them all in the definition of the crime, with a view of effectively combatting the evil sought to be condemned.' "].)

As defendant acknowledges, we are bound by the majority opinion in *People v. Zambia*, *supra*, 51 Cal.4th 965.  (See *Auto Equity Sales, Inc. v. Superior Court*

---

**³**  Generally, "a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language."  (*People v. Hudson* (2006) 38 Cal.4th 1002, 1011.)  Here, the People note defendant failed to raise an objection in the trial court to the inclusion of the statement in the instruction.  Defendant does not dispute this in his reply.  However, defendant's claim on appeal is not subject to the general rule of forfeiture because it challenges whether the instruction was correct in law. (See *People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 4 ["Defendant's claim, however, is that the instruction is *not* 'correct in law,' and that it violated his right to due process of law; the claim therefore is not of the type that must be preserved by objection."].)  As such, we address his claim on the merits.

(1962) 57 Cal.2d 450, 455.)  Accordingly, we reject defendant's claim.  To the extent defendant invites us to express disagreement with *Zambia*, we decline to do so.

## II.    MODIFY THE JUDGMENT

Defendant asks us to modify the judgment to strike the trial court's finding that defendant's present conviction, human trafficking of a minor, is "a strike."  Defendant argues the court "had no business making a finding that the present conviction will constitute a strike for the purpose of a hypothetical future case."  The People respond that the court's finding was not improper.  We agree with the People and decline to modify the judgment.

"Section 1192.7, subdivision (c) enumerates those felony violations that constitute serious felonies under California law.  Where a defendant has been convicted of a serious felony, reoffending may result in severe consequences:  certain prior serious felony convictions are strikes under the Three Strikes law [citations], and all prior serious felony convictions subject a defendant to an additional five-year sentence enhancement if the current offense is a serious felony." (*People v. Briceno* (2004) 34 Cal.4th 451, 458.)

Effective January 1, 2024, Senate Bill No. 14 (2023–2024 Reg. Sess.) amended section 1192.7 to, as relevant here, add human trafficking of a minor to the enumerated list of serious felonies.  (Stats. 2023, ch. 230, § 4; see § 1192.7, subd. (c)(42).)

Here, at sentencing, the trial court noted:  "Count 1 of which [defendant] has been convicted of is a strike."  We are not convinced this finding was improper.  Senate Bill No. 14 was in effect during defendant's offense in January 2024 and his sentencing in August 2024.  The court was thus correct that the charge in count 1 was a "strike" offense under the Three Strikes law.  Importantly, there is no indication in the record that this finding affected defendant's sentencing.  Although defendant's middle term sentence in count 1 was doubled under the Three Strikes law, the record makes clear that doubling occurred as a result of the prior strike conviction from a separate offense.  Additionally, we note that, in the event defendant is convicted of another crime in the future, that

11.

sentencing court is not bound by this court's finding.  (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529.)  We see no need to modify the judgment.

## DISPOSITION

The judgment is affirmed.


FRANSON, Acting P. J.

WE CONCUR:


SNAUFFER, J.


DE SANTOS, J.